```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
ROBERT W. GORDON, ESQ.,              :   14 Civ. 6115 (JPO) (JCF)
                                     :
              Plaintiff,             :   MEMORANDUM
                                     :   AND  ORDER
     - against -                     :
                                     :
THE CITY OF NEW YORK, MARC ANDES,    :
MARK PALOMINO, GAYLE SANDERS, FAY    :
LEOUSSIS, MICHAEL A. CARDOZO, DAVID: 
SANTORO, JOHN DOE(S) AND JANE        :
DOE(S) (names currently unknown),    :
each in his/her official and         :
individual capacities,               :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/16

    This is an employment discrimination action.  Robert Gordon,

an African-American attorney, alleges that his employer, the New

York City Law Department (the "Law Department"), has discriminated

against him on the basis of his race by, among other things,

denying him promotion to the position of Senior Counsel within the

Special Litigation Unit of the Law Department's Torts Division.   In

April of this year, counsel submitted a series of letters detailing

a host of discovery disputes.   (Letter of Bruce Rosenbaum dated

April 11, 2016; Letter of Samuel O. Maduegbuna dated April 11,

2016; Letter of Samuel O. Maduegbuna dated April 15, 2016; Letter

of Bruce Rosenbaum dated April 15, 2016; Letter of Samuel O.

Maduegbuna dated April 19, 2016).   Following a pretrial conference

1

on April 25, 2016, I issued an order resolving certain of the discovery disputes and directing the parties to meet and confer with respect to the remaining issues. (Order dated April 25, 2016, ¶¶ 2-4). I also directed them to submit a joint letter thereafter, identifying all residual disputes. (Order dated April 25, 2016, ¶ 5). They filed that letter on June 30, 2016 ("Joint Letter"), and the defendants submitted for my <u>in camera</u> review the documents that they objected to producing. I will now address each of the remaining issues.

<u>Documents Withheld by the Defendants</u>

The defendants have withheld or redacted documents on a variety of grounds, including assertion of the attorney-client privilege and the work product doctrine. These documents fall into several categories.

First, the plaintiff has withdrawn his challenge to the objections asserted by the defendants to producing many of the documents. (Joint Letter at 1-2 & Exhs. A-C). On that basis, the defendants need not produce or remove the redactions from the following documents:

PWIF-34
PWIF-47
PWIF-48
PWIF-50
PWIF-60
PWIF-89
PR-19

```
PR-27
PR-31
PR-45
PR-50
PR-51
NYC_GOR_0000782-0000786
NYC_GOR_0000911-0000912
NYC_GOR_0001404-0001405
NYC_GOR_0001592-0001597
NYC_GOR_0002082-0002087
NYC_GOR_0002263-0002264
```

While the plaintiff suggests that documents not produced in full should be precluded from being introduced in evidence (Joint Letter, Exhs. A-C), there is no basis for ruling on admissibility at this time.

Next, many of the documents contain information about attorneys who were not assigned to the Special Litigation Unit or who are otherwise not comparators to the plaintiff. Such information is not relevant to any claim or defense in this action and implicates the privacy interests of the individuals involved. Therefore, the defendants need not produce or further redact the following documents:

```
PWIF-45
PR-3
PR-4
PR-5
PR-7
PR-47
PR-49
PR-57
PR-63
NYC_GOR_0001102-0001107
NYC_GOR_0001108-0001117
```

```
NYC_GOR_0002271-0002278
NYC_GOR_0003607-0003608
NYC_GOR_0003925-0003926
NYC_GOR_0003927-0003928
NYC_GOR_0003928-0003930
NYC_GOR_0003936
NYC_GOR_0004561-0004565
NYC_GOR_0004910-0004912
NYC_GOR_0005004-0005005
```

These determinations, as well as those that follow, incorporate the concessions that the defendants have already made in the Joint Letter and its exhibits.

The defendants have withheld or redacted many documents with the designation "other cases." (Joint Letter, Exhs. A-C). This apparently means that the documents discuss the strategy or resolution of cases without explicitly evaluating the plaintiff's performance on them. However, many of these communications make suggestions or give directives that reflect at least an implicit judgment about Mr. Gordon's work. Accordingly, the defendants shall produce unredacted copies of the following:

```
NYC_GOR_0000814-0000815
NYC_GOR_0000826-0000828
NYC_GOR_0000909-0000910
NYC_GOR_0001406-0001413
NYC_GOR_0002297-0002298
NYC_GOR_0002832-0002834
NYC_GOR_0002870
NYC_GOR_0002871-0002872
NYC_GOR_0005355-0005356
```

However, the defendants need not produce similar materials with respect to comparators; while it is appropriate for the plaintiff

to test the legitimacy of his own performance evaluations, which he argues are tainted by discriminatory animus, it would be intrusive and disproportionate to attempt to reconstruct the evaluation process for every comparator.  The defendants therefore need not produce an unredacted copy of NYC_GOR_0005387-0005395.

In some instances, the defendants have asserted the attorney-client privilege or the work product doctrine in connection with documents relating to the instant litigation.  For example, they have withheld communications concerning the preservation and collection of documents relevant to this case.  Absent a showing of compelling need, such documents, including PWIF-49, are work product, and need not be produced.  The plaintiff argues that another document, PWIF-92, cannot be work product, since it was created a week before the defendants promulgated a litigation hold notice -- the point at which they must have first anticipated litigation.  (Joint Letter, Exh. A).  To be sure, it is "common sense" "that if the litigation was reasonably foreseeable for one purpose . . . it was reasonably foreseeable for all purposes." Siani v. State University of New York at Farmingdale, No. 09 CV 407, 2010 WL 3170664, at *5 (E.D.N.Y. Aug. 10, 2010); see Cornelisse v. United States, No. 09 Civ. 5049, 2012 WL 933064, at *6 n.5 (S.D.N.Y. March 20, 2012).  But the issuance of a litigation hold on a particular date does not, in itself, mean that litigation

was not anticipated a week before.  PWIF-92 is therefore protected by the work product doctrine.

Finally, certain documents or portions of documents contain no relevant information and need not be produced.  These are:

```
NYC_GOR_0001002-0001032
NYC_GOR_0001033-0001071
NYC_GOR_0001079-0001101
NYC_GOR_0001419
NYC_GOR_0001588-0001591
NYC_GOR_0002465-0002467
```

The plaintiff seeks an award of costs, including reasonable attorneys' fees, incurred in connection with these discovery disputes.  (Joint Letter at 2).  The application is denied.  An order requiring the payment of expenses is not warranted when a motion to compel discovery is granted but "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).  Here, after I directed counsel to meet and confer, the plaintiff withdrew many of his challenges. And, with respect to the residual disputes that I was ultimately required to rule on, the defendants' position, even where it did not prevail, was substantially justified.

The Defendants' Request for the Plaintiff's ESI

The defendants seek the production of electronically stored information ("ESI") from the plaintiff's personal computers, cell phones, and other electronic devices, as well as from any social

media accounts.  (Joint Letter at 3-6; Defendants' Second Combined
Set of Interrogatories and Request for the Production of Documents,
attached as Exh. D to Joint Letter).  Plainly, a party is entitled
to discovery of relevant information from an adversary, even if it
is stored on personal devices or contained in personal social media
accounts.

But here, the discovery requests are not sufficiently targeted
at eliciting relevant information.  Rather than ask for specific
categories of information, the defendants have demanded that the
plaintiff produce all documents "concerning his employment with the
Law Department" after running a series of search terms across all
of his sources of ESI.  The risk of such a strategy -- which is
borne out here -- is that the terms chosen will return a mass of
information unrelated to any claim or defense in the litigation.
For example, the proposed search terms include dozens of names of
Law Department personnel, so that any communication Mr. Gordon had
with or about any such person would generate a "hit," even if that
communication was in no way pertinent to the plaintiff's claims of
discrimination.  To make matters worse, the search terms for names
are structured in the disjunctive (e.g., "John OR Grill"), as a
result of which a reference to any "John" (or "David" or "Paul," to
cite two more examples) would be flagged.  Similarly, the use of
generic terms such as "health" would create hits for wholly

irrelevant communications.  The fact that the defendants agreed to use the same search terms to canvass their ESI (Joint Letter at 6) is immaterial.  The parties may agree to any protocol they wish, but when one party disputes the other's demands, the court must determine the appropriate scope of discovery.

Accordingly, the defendants' request for an order compelling the plaintiff to conduct a search of his ESI is denied.

The Plaintiff's Request for a Search of Certain Repositories

The plaintiff contends that the defendants neglected to search for ESI in certain repositories, specifically the personal devices of custodians, as well as U-drives, desktop computers, and Outlook subfolders maintained by the Law Department.  (Joint Letter at 8-9).  While these sources might contain some relevant information, the chances that such information would be unique and unavailable from other sources are slight.  There is little suggestion that Law Department personnel used personal devices to communicate about official business, let alone that such communications were transmitted over personal devices exclusively, such that they would not also be retained on a Law Department server.  Similarly, with respect to Law Department U-drives (which consist of disk space reserved for an individual employee within an enterprise's server) and personal computers, it is highly unlikely that information relevant to this litigation would reside in such locations but not

8

also in shared space in a Law Department server.  In short, while the possibility that some relevant information would be found by pursuing the search demanded by the plaintiff, the game is not worth the candle.  The plaintiff's application is denied.

Conclusion

By July 29, 2016, the defendants shall produce unredacted copies of documents to the extent set forth above.  The parties' applications to compel further discovery are otherwise denied.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       July 13, 2016

Copies transmitted this date:

Samuel O. Maduegbuna, Esq.
William W. Cowles, II, Esq.
Maduegbuna Cooper LLP
30 Wall St., 8th Floor
New York, NY 10005

Bruce Rosenbaum, Esq.
New York City Law Department
100 Church St.
New York, NY 10007