```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
ROBERT W. GORDON, ESQ.,                 :  14 Civ. 6115 (JPO) (JCF)
                                        :
            Plaintiff,                  :      MEMORANDUM
                                        :      AND ORDER
      - against -                       :
                                        :
THE CITY OF NEW YORK, MARC ANDES,       :
MARK PALOMINO, GAYLE SANDERS, FAY       :
LEOUSSIS, MICHAEL A. CARDOZO, DAVID:
SANTORO, JOHN DOE(S) AND JANE           :
DOE(S) (names currently unknown),       :
each in his/her official and            :
individual capacities,                  :
                                        :
            Defendants.                 :
- - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/17

In this employment discrimination action against the City of New York (the "City") and various employees of the New York City Law Department (the "Law Department"), the plaintiff, Robert W. Gordon, seeks to file a Second Amended Complaint adding allegations that the City violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and breached an employment contract. The motion is granted in part.

Background

The factual background as alleged in the original and amended complaints is set out in two prior opinions. See Gordon v. City of New York, No. 14 Civ. 6115, 2016 WL 4618969 (S.D.N.Y. Sept. 2, 2016); Gordon v. City of New York, No. 14 Civ. 6115, 2015 WL 3473500 (S.D.N.Y. June 2, 2015). The proposed allegations concern more recent events.

Prior to his resignation in August 2016, Mr. Gordon had been

1

an Assistant Corporation Counsel in the Law Department since 2004. ([Proposed] Second Amended Complaint ("Proposed SAC"), attached as Exh. 1 to Declaration of Samuel O. Maduegbuna dated Jan. 12, 2017 ("Maduegbuna Decl."), ¶ 32). He filed his original complaint in 2014, which, like the currently-operative complaint, alleged claims for disparate treatment and disparate impact under federal, state, and city law.[1]  Gordon, 2016 WL 4618969, at *2-3.

In May 2016, Mr. Gordon fractured his hand while suffering an anxiety attack allegedly brought on by the defendants' illegal discrimination. (Proposed SAC, ¶ 193). He consequently went on paid sick leave. (Proposed SAC, ¶ 197). At that time, he had accrued nearly 400 hours of leave time, which, according to his calculations, would allow him to remain on sick leave until the beginning of August 2016. (Proposed SAC, ¶ 198).

Approximately ten days after the incident, a supervisor telephoned Mr. Gordon to discuss his leave. (Proposed SAC, ¶ 203). The supervisor was unsure whether the leave "should be considered a 'leave of absence' that was indefinite or FMLA leave limited to 12 weeks," and said that he would "get back to" Mr. Gordon later that day (Proposed SAC, ¶ 203), presumably after he had researched the question. Three weeks later, Mr. Gordon emailed a Law Department human resources professional to inquire about how to facilitate FMLA leave. (Proposed SAC, ¶ 204). Mr. Gordon filled

---

[1] The Honorable J. Paul Oetken, U.S.D.J., dismissed the disparate impact claims alleged in the original complaint. Gordon, 2015 WL 3473500, at *11. I later granted Mr. Gordon's motion to amend his complaint to allege modified disparate impact claims. Gordon, 2016 WL 4618969, at *3, 8.

2

out the forms provided and emailed them back to the Law Department on June 30, 2016. (Proposed SAC, ¶ 205). He received no response from his employer. (Proposed SAC, ¶ 206).

Without informing Mr. Gordon, the City cancelled his health insurance benefits as of July 24, 2016. (Proposed SAC. ¶ 208). A few days later, Mr. Gordon asked one of his supervisors whether his FMLA leave had been approved and could be used to extend his leave past his original return date of August 1, 2016. (Proposed SAC, ¶ 209). The supervisor "responded that he would provide an answer by the end of the week and advised [Mr. Gordon] that if [he] were out of annual leave and vacation time his leave would be uncompensated and that his employment[-]related benefits may also be impacted." (Proposed SAC, ¶ 210). On August 5, 2016, Mr. Gordon received a letter informing him that his insurance benefits ended on July 24, 2016, but that he was "eligible for COBRA."[2] (Proposed SAC, ¶ 211). Mr. Gordon resigned five days later.[3] (Proposed SAC, ¶ 213).

Mr. Gordon alleges that, by this conduct, the City "interfered with [his] FMLA rights by refusing to respond to his FMLA application . . . , failing to notify him whether his sick leave

---

[2] "COBRA" is the acronym for the Consolidated Omnibus Budget Reconciliation Act of 1985, which provided for "continuation coverage" for "qualified beneficiar[ies]" of a group health plan who would otherwise lose coverage. 29 U.S.C. § 1161(a).

[3] There is a discrepancy in the Proposed Second Amended Complaint regarding the date that Mr. Gordon resigned. At least thrice, it asserts that he resigned on August 10, 2016. (Proposed SAC, ¶¶ 13, 32, 213). At least once, it asserts the date was August 14, 2016. (Proposed SAC, ¶ 308). However, the precise date is not relevant to the motion before me.

would be designated as FMLA-qualified leave, and cancelling his family health insurance benefits." (Proposed SAC, ¶ 294). He further charges the City with retaliating against him for his "attempted exercise of his FMLA rights" by cancelling his insurance "about 24 days after he sought FMLA leave." (Proposed SAC, ¶ 302). Finally, Mr. Gordon asserts that he entered into a contract with the City "based on [the City's] publicized policy that designated the rate by which employees of the Law Department would accrue sick leave time and vacation time." (Proposed SAC, ¶ 306). The City allegedly breached this agreement "by denying [Mr. Gordon] the full use of his accrued leave time and failing to pay [him] for his earned leave time after he[] resigned from the Law Department." (Proposed SAC, ¶ 308).

Discussion

A. Legal Standard

Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Aetna Casualty & Surety Co. v. Aniero Concrete Co., 404 F.3d 566, 603 (2d Cir. 2005). "This permissive standard is consistent with [the Second Circuit's] 'strong preference for resolving disputes on the merits.'" Williams v. Citigroup Inc., 659 F.3d 208, 212–13 (2d Cir. 2011) (quoting New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)).

The court has broad discretion over motions to amend, see McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir.

2007), and may deny such a motion for the following reasons: (1) undue prejudice to the non-moving party, (2) futility, (3) bad faith or dilatory motive, (4) repeated failure to cure deficiencies by previous amendments, or (5) undue delay, United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016); Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). Here, the defendants argue solely that certain claims that the plaintiff seeks to allege are futile, an issue which they have the burden of demonstrating, see Allison v. Clos-ette Too, L.L.C., No. 14 Civ. 1618, 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015); Ferring B.V. v. Allergan, Inc., 4 F. Supp. 3d 612, 618 (S.D.N.Y. 2014).

    B.    FMLA Interference and Retaliation

The defendants contend that Mr. Gordon's claims of interference and retaliation pursuant to the FMLA are futile to the extent that he alleges them against any of the individual defendants. (Memorandum of Law in Partial Opposition to Plaintiff's Motion for Leave to File and Serve a Second Amended Complaint ("Def. Memo.") at 2). Mr. Gordon disavows any attempt to allege these claims against the individual defendants; rather, he asserts that "the proposed interference and retaliation claims under the FMLA . . . are [] brought [only] against the City of New York." (Reply Memorandum of Law in Support of Plaintiff's Motion for Leave to File and Serve a Second Amended Complaint ("Reply") at

5

1; Proposed SAC, ¶¶ 289-304).[4] Mr. Gordon may therefore amend his complaint to allege these claims.

    C.    <u>Additional Allegations Regarding Retaliation</u>

Although the bulk of Mr. Gordon's proposed allegations of retaliation appear to focus on retribution for his exercise of FMLA rights, he also states that the "City [] retaliated against [him] for filing the instant lawsuit by refusing to approve his FMLA leave and unjustifiably cancelling his family health benefits when he was out on sick leave without warning."[5] (Proposed SAC, ¶ 214). The defendants object that Mr. Gordon has not plausibly alleged a connection "between the filing of this lawsuit in 2014 and the allegation that [his] health benefits were cancelled more than two years later." (Def. Memo. at 4).

Mr. Gordon argues that he is not attempting to add a new cause of action for retaliation, but is merely adding one more event in the defendants' retaliatory course of conduct. (Reply at 2). He further offers a plausible motivation for the City's more recent action: his motion to amend his complaint to assert disparate impact claims in May 2016. (Reply at 2). In these circumstances, the defendants have not established that amendment would be futile.

    D.    <u>Breach of Contract</u>

"Under New York law, the elements of a cause of action for

---

[4] In a similar vein, Mr. Gordon asserts that he "is not asserting a constructive discharge claim." (Reply at 6).

[5] I interpret this to mean that the benefits were cancelled without warning, and not that Mr. Gordon took sick leave without warning.

breach of contract are (1) the existence of a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages suffered as a result of the breach." Transcience Corp. v. Big Time Toys, LLC, 50 F. Supp. 3d 441, 450 (S.D.N.Y. 2014)(footnote omitted). In his proposed complaint, Mr. Gordon alleges that (1) the City's "publicized policy that designated the rate by which employees of the Law Department would accrue sick leave and vacation time" created a contract between the City and Law Department employees (Proposed SAC, ¶ 306); (2) he was a Law Department employee and accrued sick leave and vacation time pursuant to that policy (Proposed SAC, ¶ 307); (3) the City failed to allow him to use the full measure of his accrued leave time (Proposed SAC, ¶ 308); and (4) because he was unable to use his full leave time, his health insurance benefits were cancelled, resulting in out-of-pocket medical expenses of $10,000 or more (Proposed SAC, ¶¶ 309-310).

  The City first asserts that Mr. Gordon's "employment as an Assistant Corporation Counsel was not undertaken pursuant to a contract," but rather "pursuant to the [New York] Civil Service Law." (Def. Memo. at 5). The argument is so succinct as to be cryptic. The City points to a New York Court of Appeals opinion indicating that Assistant Corporation Counsel are members of the civil service, see In re Grossman, 43 N.Y.2d 493, 402 N.Y.S.2d 373 (1977), and the provision of the New York City Charter that allows for appointment of Assistant Corporation Counsel, N.Y. City Charter, § 392. (Def. Memo. at 5). It then quotes Leon v. New

7

York City Employees' Retirement System, 240 A.D.2d 186, 658 N.Y.S.2d 283 (1st Dep't 1997): "[B]ecause 'plaintiff's civil service employment . . . [is] governed by statute, not contract, . . . there can be no cause of action for breach of contract.'" (Def. Memo. at 5 (alterations in original) (quoting Leon, 240 A.D.2d at 186, 658 N.Y.S.2d at 283)).  To the extent that the City suggests that Leon stands for the proposition that a public employee cannot state a claim for breach of contract regarding conditions of employment, it is incorrect.  Rather, the opinion appears to recognize that if the employee had established the existence of a contract, he would be able to sue on it.  See Leon, 240 A.D.2d at 186, 658 N.Y.S.2d at 283 (noting that "no contract exists between [the] plaintiff and the [City agency] that required the [City agency] to file plaintiff's pension membership with [the defendant]," and that therefore "there can be no cause of action for breach of contract"); see also Whiting v. Incorporated Village of Old Brookville, 182 F.R.D. 14, 16 (E.D.N.Y. 1998) (dismissing contract claims because plaintiff alleged only violations of provisions of N.Y. Civil Service Law and Village Law).

The question then becomes whether Mr. Gordon has alleged the existence of a contract created by the Law Department's "publicized policy" regarding accrual of leave time.  (Proposed SAC, ¶ 306).  The City contends that Mr. Gordon's allegations do not plausibly allege a contract because the New York Court of Appeals has warned that "[r]outinely issued employee manuals, handbooks, and policy statements should not lightly be converted into binding employee

8

agreements."  (Def. Memo. at 5 (quoting Lobosco v. New York Telephone Co., 96 N.Y.2d 312, 317, 727 N.Y.S.2d 383, 386 (2001)). However, "[p]olicies in a personnel manual specifying the employer's practices with respect to the employment relationship . . . may become a part of the employment contract" where the employee establishes an express written policy regarding the conduct at issue, the employer made the employee aware of the policy, and the employee detrimentally relied on the policy. Baron v. Port Authority of New York and New Jersey, 271 F.3d 81, 85 (2d Cir. 2001); accord Catapano-Fox v. City of New York, No. 14 Civ. 8036, 2015 WL 3630725, at *7 (S.D.N.Y. June 11, 2015); Berman v. Neo@Ogilvy LLC, No 14 Civ. 523, 2014 WL 6865718, at *13 (S.D.N.Y. Aug. 15, 2014), report and recommendation adopted in relevant part, 72 F. Supp. 3d 404 (2014).  Mr. Gordon's proposed complaint adequately alleges each of those elements. (Proposed SAC, ¶¶ 198, 203-206, 209-211, 306-308).

To be sure, such causes of action are often dismissed because the purported contract itself contradicts the claim. See, e.g., Baron, 271 F.3d at 85-86 (holding implied contract claim fails because writings identified by plaintiff "specifically disavow any intent on the [employer's] part to accept contractual limitations on its rights as an at-will employer"); Catapano-Fox, 2015 WL 3630725, at *7 ("[N]othing in either handbook . . . purports to limit the [employer's] ability to terminate an employee at will."); Neo@Ogilvy, 2014 WL 6865718, at *13 (finding no implied contract where handbook contained disclaimer "plainly articulat[ing] [its]

9

non-contractual nature"); Lobosco, 96 N.Y.2d at 316-17, 727 N.Y.S.2d at 386. Here, however, the plaintiff does not have access to a copy of the writing (Declaration of Robert W. Gordon dated Jan. 9, 2017, attached as Exh. 2 to Maduegbuna Decl., ¶ 5), and the City has not submitted evidence of such disclaimers in the policy, as was their right, see, e.g., Cortec Indusustries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the defendant may produce the [document] when attacking the complaint for its failure to state a claim."). As Mr. Gordon's proposed complaint sufficiently alleges the existence of an agreement, I cannot deny the motion to amend as futile on the basis of a document that is not before me.

The City then contends that Mr. Gordon is not entitled to "recover the monetary value of unused vacation and sick time in the absence of statutory or contractual authority." (Def. Memo. at 6 (quoting Grishman v. City of New York, 183 A.D.2d 464, 465, 583 N.Y.S.2d 425, 426 (1st Dep't 1992)). Mr. Gordon replies by objecting that the legal support the defendants muster is distinguishable. (Reply at 5). But that argument is frivolous in light of the fact that Mr. Gordon nowhere alleges any basis for the recovery of the value of his unused accrued leave time. The breach of contract claim clearly focuses on the allegations that he was not allowed to use the full measure of his accrued leave, and, if he had been, "his health benefits would not have been cancelled."

10

(Proposed SAC, ¶ 197-198, 201, 207, 306-309).  Indeed, as he <u>admits in his papers</u>, the proposed complaint seeks damages for his "out of pocket medical expenses and other medical penalties."  (Reply at 4; Proposed SAC, ¶ 310).  In the absence of any allegation that the City was contractually obligated to pay for unused leave time, the sole reference in the proposed complaint to the City's failure to do so (Proposed SAC, ¶ 308) does not make out a breach of contract claim.

Finally, the City contends that "the gravamen of [Mr. Gordon's breach of contract] claim is that the City was somehow arbitrary and capricious, in violation of lawful procedure or effected by an error of law," and therefore must be brought as an Article 78 proceeding pursuant to § 7803(3) of the New York Civil Practice Law and Rules ("CPLR").  (Def. Memo. at 6).  Because an Article 78 proceeding must be brought "within four months after the determination to be reviewed becomes final and binding," CPLR § 217, the claim would now be time-barred.  (Def. Memo. at 6-7).

Although the City asserts that its premise that Mr. Gordon's contract claim is really fodder for an Article 78 proceeding is "clear" (Def. Memo. at 6), it provides only this <u>ipse dixit</u> to guide me.  And authority establishes that it is mistaken.  <u>See, e.g.</u>, <u>Sims v. State of New York</u>, 30 A.D.3d 949, 949-50, 818 N.Y.S.2d 314, 315 (3d Dep't 2006) (challenge to agency's determination regarding rate for insurance coverage and seeking damages and specific performance "quintessential 'breach of contract allegations'" (quoting <u>In re Barrier Motor Fuels, Inc.</u>,

11

256 A.D.2d 405, 405-06, 681 N.Y.S.2d 594, 595 (2d Dep't 1998)); <u>In re Barrier Motor Fuels</u>, 256 A.D.2d at 405-06, 681 N.Y.S.2d at 595 ("It is well established that '[w]hen the damage allegedly sustained arises from a breach of the contract by a public official or governmental body, then the claim must be resolved through the application of traditional rules of contract law.' The mere characterization of the behavior of a governmental agency as 'arbitrary and capricious' or 'in violation of proper procedure,' does not suffice to transform the controversy into one appropriate for CPLR article 78 relief . . . ." (first alteration in original) (internal citations omitted) (quoting <u>Abiele Construction v. New York City School Construction Authority</u>, 91 N.Y.2d 1, 7-8, 666 N.Y.S.2d 970, 972 (1997))). Here, Mr. Gordon asserts that he was denied the right to use leave time he accrued pursuant to a contract, with the result that his insurance benefits were cancelled and he incurred out-of-pocket expenses. This claim sounds in contract. See <u>Finley v. Giacobbe</u>, 79 F.3d 1285, 1293 (2d Cir. 1996) (denying civil service employee a benefit of employment "during the period of employment [] may [] be viewed in terms of a contract right"); <u>cf.</u> <u>Gerber v. New York City Housing Authority</u>, 42 N.Y.2d 162, 165, 397 N.Y.S.2d 608, 609 (1977) (claim for salary earned but not paid while civil service employee suspended "may be made by way of an action at law, and it is not necessary to commence an article 78 proceeding").

<u>Conclusion</u>

    For the foregoing reasons, the plaintiff's motion to amend his

complaint (Docket no. 88) is granted in part. It is denied to the extent that the plaintiff seeks to state a claim for breach of contract based on the City's failure to pay him for unused leave time. Within five days of the date of this order, the plaintiff shall file the Second Amended Complaint. Discovery targeted exclusively at the newly-asserted claims shall be completed by April 28, 2017. The deadline for submitting the pretrial order or any dispositive motion is extended to May 31, 2017.

SO ORDERED.

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       March 7, 2017

Copies transmitted this date:

Samuel O. Maduegbuna, Esq.
William W. Cowles, II, Esq.
Maduegbuna Cooper LLP
30 Wall St., 8th Floor
New York, NY 10005

Bruce Rosenbaum, Esq.
New York City Law Department
100 Church St.
New York, NY 10007