```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ROBERT W. GORDON, ESQ.,

              Plaintiff,

          v.                           14 Civ. 6115 (JPO)

THE CITY OF NEW YORK ET AL,

              Defendants.
                                       Settlement
------------------------------x
                                       New York, N.Y.
                                       December 3, 2019
                                       10:00 a.m.
Before:

                  HON. J. PAUL OETKEN,

                                       District Judge


                       APPEARANCES

MADUEGBUNA COOPER LLP
     Attorneys for Plaintiff
BY:  SAMUEL OKWUDILI MADUEGBUNA
     WILLIAM W. COWLES, II

NEW YORK CITY LAW DEPARTMENT
     Attorneys for Defendants
BY:  BRUCE ROSENBAUM
     DOMINIQUE F. SAINT-FORT
```

1           (Case called)
2           MR. MADUEGBUNA:  Good morning, your Honor.
3           Sam Magduegbuna.  And Mr. Gordon is here with me.
4           MR. COWLES:  William Cowles, for the plaintiff.
5           Good morning.
6           THE COURT:  Good morning.
7           MR. ROSENBAUM:  Good morning, your Honor.
8           Bruce Rosenbaum, for the defendants
9           MS. SAINT-FORT:  Dominique Saint-Fort, for the
10   defendants.
11           THE COURT:  Good morning.  Welcome, everybody.
12           I received letters from defense counsel on November
13   27th stating that the parties have reached an agreement in
14   principle on a settlement.  So I had you come in today to make
15   sure that the terms are on the record so that there's no
16   question about the settlement.
17           So who wants to tell me what's up?
18           MR. MADUEGBUNA:  Yes, your Honor.
19           Your Honor, we have an agreement to settle this case
20   for a single lump sum of $600,000, including attorneys' fees
21   and costs.  And that will be the full and final settlement of
22   all claims in this lawsuit.
23           THE COURT:  Okay.
24           MR. MADUEGBUNA:  And, your Honor, we'd also like to
25   voir dire Mr. Gordon to make sure that he fully understands the

1    terms of this agreement.  So with your permission, we would
2    like to have him sworn, and then I'll ask him a few questions
3    just to make sure we have his full consent on the record.
4              THE COURT:  Okay.  That's fine.
5              Do you have anything you want to add?
6              MR. ROSENBAUM:  Yes, your Honor.
7              We've agreed to the terms of the specific written
8    settlement agreement, which the parties will be executing.  And
9    to the extent that we've reached a settlement, only the terms
10   set forth in that settlement agreement are what the City has
11   agreed to.
12             THE COURT:  All right. And do you want to talk about
13   the scope of release or anything?
14             MR. ROSENBAUM:  It's a full general release against
15   all claims against the defendants from the beginning of the
16   world standard general release language.
17             THE COURT:  Okay.
18             MR. MADUEGBUNA:  Your Honor, yes, we agree as to the
19   terms, but the allocution is as to Mr. Gordon's understanding
20   on the record, just to place it on the record.  So we don't
21   have anything in addition to what is in the agreement to add,
22   but we want to make sure that he's accepting of the settlement
23   and agreeing to it, that he fully understands it, that it will
24   explain everything to him, that he understands that this
25   settlement is final, that he cannot come back.  We want that to

1    go on the record.  I think it's important --

2             THE COURT:  Okay.

3             MR. MADUEGBUNA:  -- that we do that.

4             THE COURT:  Is there any particular reason you want do

5    it that way?  These cases are usually just settled and there's

6    no allocution on the record.

7             Is there any particular reason you feel the need for

8    that?

9             MR. MADUEGBUNA:  Well, in a case like this, I want to

10   make sure that my client goes fully on the record as

11   understanding the terms of the settlement.  That's the only

12   reason.  And he has no problem doing that.

13            THE COURT:  Okay.  Do you want him to come to the

14   witness stand or sit at counsel table?

15            MR. MADUEGBUNA:  It depends on where you want him,

16   your Honor.  Wherever you want him.

17            THE COURT:  Do you have a preference, Mr. Gordon?

18            THE PLAINTIFF:  Witness stand?

19            THE COURT:  Okay.  That's fine.

20            Is there a mic up there?

21            DEPUTY CLERK:  I don't think there's a working mic

22   over here.

23            THE COURT:  Yeah.  You can come on up.

24            Mr. Gordon, would you please remain standing and raise

25   your right hand.  Mr. Hampton will swear you in.

1   ROBERT W. GORDON, Esq.,
2           called as a witness by the Plaintiff,
3           having been duly sworn, testified as follows:
4               THE PLAINTIFF:  Robert Wayne Gordon.  Last name
5   spelled G-o-r-d-o-n.
6               DEPUTY CLERK:  Thank you.  Please be seated.
7               THE COURT:  All right.
8               MR. MADUEGBUNA:  Thank you, your Honor.
9   BY MR. MADUEGBUNA:
10  Q.  Mr. Gordon, do you understand that the defendants have
11  agreed to pay you the single gross sum of $600,000 in full and
12  final settlement of your claims in this lawsuit?
13  A.  I do.  I understand that.
14  Q.  Do you also understand that, given the retainer agreement
15  with my firm, that you'll receive an amount that is less than
16  the settlement sum of $600,000 after deducting attorneys' fees
17  and costs?
18  A.  Yes, I understand that.
19  Q.  Do you also understand that my firm will pay out of that
20  settlement the sum of $600,000, any liens or moneys owed,
21  thereby, reducing further the net amount coming to you?
22  A.  Yes, I understand that.
23  Q.  And with all this understanding, Mr. Gordon, have you
24  agreed to accept that sum of $600,000 and settle this matter
25  with the defendants?

1  A.   Yes, I have agreed to that.
2  Q.   And you have accepted the settlement freely?
3  A.   Yes.  It's of my own free will.
4  Q.   Have you not been coerced or pressured by anyone to accept
5  this settlement?
6  A.   No, not at all.
7  Q.   And in making these statements that you are making today,
8  you are of sound mind?
9  A.   As far as I can tell.
10 Q.   And making statements today, you are not under the
11 influence of any medication, alcohol, or other substances that
12 will affect your ability to understand the settlement terms?
13 A.   No, I am not.
14 Q.   You understand that this settlement is final and that you
15 can never come back to sue for any of the claims that you
16 brought here or could have brought?
17 A.   I understand that.
18 Q.   You do realize that this case is now settled forever and
19 there is no coming back to the Court on these claims no matter
20 what change you may experience later?
21 A.   I understand.
22 Q.   You understand -- and my firm has explained to you -- that
23 you have the right to reject the offer to continue with this
24 case to a trial before a jury that would have started today?
25 A.   Yes, I understand that.

1   Q.  And you also understand that what is explained to you is
2   that if you had rejected the offer, this case would have
3   continued to trial, and the jury could have found in any number
4   of ways; is that correct?
5   A.  Yes, that's correct.  I understand that.
6   Q.  Do you understand that the jury could have found in your
7   favor and awarded an amount greater than $600,000?
8   A.  Yes, I do.
9   Q.  And you understand that they could have found for you and
10  awarded an amount that is less than $600,000?
11  A.  I understand that as well.
12  Q.  You also understand that they could have found against you,
13  and for the defendant, and awarded you nothing?
14  A.  Yes, I understand that.
15  Q.  And understanding all of the explanations, you have agreed
16  to settle this matter for $600,000 and stop the trial of this
17  matter; is that correct?
18  A.  That is correct; I agree.
19  Q.  You are satisfied with the services rendered to you by
20  myself and my firm in connection with this matter?
21  A.  Absolutely.
22  Q.  And you have considered our services as your counsel and
23  you are satisfied that you have been adequately represented?
24  A.  Yes.  For sure.
25  Q.  And you're making this settlement after a careful

1  consideration?
2  A.  Yes, I do.
3          MR. MADUEGBUNA:  No further questions, your Honor.
4          THE COURT:  Okay.  Thank you.
5          Do you have any questions of me, or anything else?
6          THE PLAINTIFF:  No questions.
7          THE COURT:  Do you feel any additional inquiry needs
8  to be made, Mr. Rosenbaum?
9  CROSS-EXAMINATION
10  BY MR. ROSENBAUM:
11  Q.  Mr. Gordon, have you had an opportunity to read the
12  settlement agreement that the City and your counsel have
13  prepared in anticipation of you signing that agreement?
14  A.  Yes, I have reviewed it.
15  Q.  And you agree to all of the terms of that settlement
16  agreement?
17  A.  Yes, I do.
18  Q.  Including the release and the language set forth in the
19  release?
20  A.  Yes, I do.
21  Q.  Thank you.
22          THE COURT:  Okay.  Is that it?
23          MR. MADUEGBUNA:  That's it, your Honor.  Thank you.
24          THE COURT:  Okay.  Thank you, Mr. Gordon.  You may
25  step down.

1               All right.  Very well.  What I normally do in these
2    situations is put out what's called a 30-day order, or a 45-day
3    order, that administratively closes the case on the assumption
4    that you'll at some point submit a stipulation or whatever you
5    need to do, as required by the settlement agreement.
6               Is there any objection to putting out such an order at
7    this time?
8               MR. MADUEGBUNA:  No objection, your Honor.
9               MR. ROSENBAUM:  No, your Honor.  We plan on promptly
10   submitting a stipulation of dismissal.
11              THE COURT:  Okay.  Do you know what the timing on that
12   is likely to be?
13              MR. ROSENBAUM:  As soon as the execution of the
14   settlement papers can be accomplished, we'll be filing that by
15   ECF.
16              THE COURT:  Okay.
17              MR. MADUEGBUNA:  I will probably take this within this
18   week.
19              THE COURT:  This week?
20              MR. MADUEGBUNA:  Yes.
21              THE COURT:  Okay.  Great.
22              Well, congratulations on reaching the settlement.
23              And anything else for today?
24              MR. MADUEGBUNA:  That's it for the plaintiff,
25   your Honor.

JC3LGORC

1        MR. ROSENBAUM:  Nothing, your Honor.  Thank you.
2        THE COURT:  Okay.  Thank you very much.
3        Court is adjourned.
4                        * * * * *